UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEREMIAH AVERY PORTER,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. C05-5448FDB

ORDER DENYING MOTION PURSUANT TO § 2255

Petitioner has timely filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence on two bases: ineffective assistance of counsel and "enhancement points" added to his base offense level that were not admitted to by Porter or found to be true by a jury.

To establish an ineffective assistance of counsel claim a petitioner must show that (1) his attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that but for the errors, the petitioner would not have pled guilty and would have insisted on going to trial *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

Petitioner asserts that his attorney failed to advise him of the full consequences of his plea agreement, failed to keep him fully informed of matters before the court, and failed to object to the Pre-Sentence Report. Petitioner, however, has failed to state what consequences in the plea

ORDER - 1

agreement of which he was unaware and how being aware of those consequences would have affected his decision to plead guilty. Petitioner has also failed to allege what information of which his counsel did not inform him or how being so informed would have resulting in his insisting on going to trial. Finally, Petitioner states that he did object to factual errors, but that the court made no response. It is undisputed that counsel did file a sentencing memorandum that attempted to correct six factual errors in the Pre-Sentence Report. Petitioner fails to state what errors were unaddressed and how the errors prejudiced them.

As to the alleged sentencing error concerning facts not admitted by Petitioner nor found by a jury, *United States v. Booker*, 125 S. Ct. 738 (2005) had already been decided and the Sentencing Guidelines were merely advisory. "[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Id.* Moreover, the Sentencing Guidelines did not control his sentence, rather, it was an agreed sentence pursuant to Fed. R. Crim.P. 11(c)(1)(C). *See United States v. Cieslowski*, 410 F.3d 353, 356 (7th Cir. 2005).

ACCORDINGLY, IT IS ORDERED: Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED and this cause of action is DISMISSED.

DATED this 6th day of January, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2